```
                              FILED
                        IN CLERK'S OFFICE
                    U.S. DISTRICT COURT E.D.N.Y.

                        ★  OCT 14 2011  ★

                         BROOKLYN OFFICE
```

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | |
| GUILLERMO SANTA,<br><br>            Plaintiff,<br><br>- against –<br><br>THE UNITED STATES OF AMERICA,<br>METROPOLITAN DETENTION CENTER<br>(MDC), FEDERAL BUREAU OF PRISONS,<br>DR. DANA WILLIAMS, M.D., JANE DOE<br>HEALTH CARE PROVIDERS,<br><br>            Defendants. | **MEMORANDUM,<br>ORDER, AND<br>JUDGMENT**<br><br>08-CV-03891 |



**Appearances:**

For the Plaintiff:

    Jeffrey G. Pittell
    Great Neck, NY

For the Defendants:

    Loretta Lynch, United States Attorney for the Eastern District of New York
    James R. Cho, Assistant United States Attorney
    Brooklyn, NY


**JACK B. WEINSTEIN, Senior United States District Judge:**

### Table of Contents

I. Introduction .................................................................................................................... 2
II. Facts ............................................................................................................................... 3
III. Law ................................................................................................................................ 4
    A.    Construction of *Pro Se* Pleadings ................................................................ 4
    B.    Motion to Dismiss for Lack of Subject Matter Jurisdiction ............................... 4
    C.    Motion for Summary Judgment ........................................................................ 4
    D.    The Federal Tort Claims Act ............................................................................ 5
        1. Sovereign Immunity and Limited Waiver ................................................... 5
        2. Exhaustion Requirement and BOP Procedures for Exhaustion .................. 5



    E.    *Bivens* Actions...................................................................................................... 6
        1. General Principles....................................................................................... 6
        2. Pretrial Federal Detainees and Fifth Amendment *Bivens* Claims.......................... 6
        3. Prison Litigation Reform Act Exhaustion Requirement ......................................... 7
    F.    Relation-Back Rule ................................................................................................ 8
IV. Application of Law to Facts ................................................................................................. 9
    A. Application of FTCA to State-Law Tort Claims ..................................................... 9
    B. Fifth Amendment *Bivens* Claims ......................................................................... 10
    C.    Relation-Back Rule .............................................................................................. 11
V. Conclusion ............................................................................................................................ 12

## I. Introduction

Defendants, the United States of America, the Metropolitan Detention Center Brooklyn ("MDC"), the Federal Bureau of Prisons ("BOP"), and Dr. Dana Williams, move to dismiss the state-law tort claims—brought pursuant to the Federal Tort Claims Act ("FTCA")—and *Bivens* claims of plaintiff Guillermo Santa, brought against the United States, MDC, BOP, and Williams, pursuant to Federal Rules of Civil Procedure 12(b)(1). Summary judgment is sought, pursuant to Federal Rule of Civil Procedure 56, on the *Bivens* claim against Dr. Williams in her individual capacity. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff Santa's claims arise from an alleged failure to provide adequate medical treatment for his high blood pressure and depression while he was incarcerated. He seeks compensatory and punitive damages.

For the reasons below, Defendants' motions to dismiss and for summary judgment are granted. Plaintiff failed to exhaust his administrative remedies—a jurisdictional condition precedent to the court's entertaining his state-law claims. The *Bivens* claims against the MDC, BOP, and United States are dismissed because a *Bivens* claim only lies against a federal official or employee sued in his or her individual capacity, and Santa has withdrawn his *Bivens* claim

against Dr. Williams in her individual capacity. Letter of Jeffrey G. Pittell 2-3, Santa v. MDC, No. 08-CV-3891 (E.D.N.Y. May 16, 2011), CM/ECF No. 68 ("May 2011 Letter").

Plaintiff moves to amend his original complaint to add Dr. Katherine Sundstrom as a defendant. *Id.* at 3 n.1. He is barred by the relation-back rule from doing so. *See* Fed. R. Civ. P. 15(c).

The only remaining claims are against anonymous Jane Doe defendants. They are dismissed because of the relation-back rule. *See id.*

## II. Facts

Plaintiff was arrested by federal agents pursuant to a narcotics sting operation. He was held at the MDC beginning in August 2005 as a pretrial detainee. *See* Defendants' Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 ¶ 1. After being indicted he pled guilty and was sentenced in May 2006 mainly to 10 years' imprisonment.

The present litigation concerns his treatment while confined at MDC. During intake screening Santa informed staff that he had serious mental health problems, including severe depression and chronic high blood pressure, and that prior to his arrest he had taken prescribed medications to treat these conditions. Complaint ("Compl.") ¶ 14.

From August 2005 to November 2006, MDC medical staff performed numerous on-site tests upon Mr. Santa. They did not provide him with what he claims were medicines necessary to treat his depression and high blood pressure, *id.* ¶ 16, resulting in a serious adverse effect on his quality of life. He had difficulty eating, was unable to sleep and lacked energy. He was frightened, disoriented, and confused. *Id.* ¶ 17.

In November or December 2005, while detained in a holding cell at the United States Courthouse, plaintiff felt a sharp pain in his chest, and had a seizure. MDC medical staff

determined that plaintiff's blood pressure was dangerously high. Prescribed were several medications to alleviate his high blood pressure and chest pain. *Id.* ¶ 18. After plaintiff reported adverse reactions, no other medication was administered. *Id.* ¶ 19.

While confined, plaintiff submitted numerous written requests for treatment. *Id.* ¶¶ 5, 20. He did not attempt to exhaust available administrative remedies. *See* Letter of Jeffrey G. Pittell 1-2, Santa v. MDC, No. 08-CV-3891 (E.D.N.Y. Nov. 2, 2009), CM/ECF No. 36 ("Nov. 2009 Letter").

At his May 2006 sentencing, plaintiff's counsel informed the court of plaintiff's health problems and lack of medication, *see* Compl. ¶¶ 23-25, and the court suggested bringing them to the warden's attention. Shortly after his sentencing, plaintiff was prescribed appropriate medicine for his depression and high blood pressure. *Id.* ¶ 24; *see* Defendant Dana Williams' Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 ¶¶ 88-97.

### III. Law

#### A. Construction of *Pro Se* Pleadings

When a "plaintiff proceeds *pro* se, . . . a court is obliged to construe his pleadings liberally." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

#### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (per curiam) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

#### C. Motion for Summary Judgment

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999).

### D. The Federal Tort Claims Act

#### 1. Sovereign Immunity and Limited Waiver

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Sovereign immunity extends to the officers of the United States when they act in their official capacities. *Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005). "Enacted in 1946, the FTCA waives the federal government's sovereign immunity against certain tort claims arising out of the conduct of its employees." *Devlin v. United States*, 352 F.3d 525, 530 (2d Cir. 2003); *see* 28 U.S.C. § 1346(b) (granting to the federal district courts exclusive jurisdiction on claims for money damages for personal injury caused by government employees acting in the scope of their employment, under circumstances where the United States, if a private person, would be liable); *id.* § 2402 (actions against the United States brought under 28 U.S.C. § 1346(b) to be tried by non-jury trial).

#### 2. Exhaustion Requirement and BOP Procedures for Exhaustion

The FTCA requires presentation of "the claim to the appropriate Federal agency"; "[the] claim [must] have been finally denied by the agency in writing" before it can be brought in federal court. *See* 28 U.S.C. § 2675(a); 28 C.F.R. § 543.30-543.32 (covering federal prisoners). After investigation, federal prisoners' administrative claims are adjudicated by the BOP's

5

regional counsel or his designee; the regional counsel is authorized to settle claims for an amount established by the Director of BOP. *See* 28 C.F.R. § 543.32(d). If a prisoner's claim is denied or if he is dissatisfied with BOP's settlement offer, he may request in writing that BOP reconsider his claim; BOP's regulations encourage prisoners seeking reconsideration to "include additional evidence of injury or loss to support [the] request for reconsideration." *Id.* § 543.32(g). A prisoner dissatisfied with the BOP's final determination is permitted "to file suit in an appropriate U.S. District Court as no further administrative action is available." *Id.*

### E. *Bivens* Actions

#### 1. General Principles

*Bivens* actions do not lie against the United States, federal agencies, or federal employees sued in the official capacities. *See, e.g., FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (noting that *Bivens* claims "must be brought against the federal officers involved in their individual capacities.").

#### 2. Pretrial Federal Detainees and Fifth Amendment *Bivens* Claims

Because the Eighth Amendment's protections do not apply "until after conviction and sentence," *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989) (citing *Johnson v. Glick*, 481 F.2d 1028 (2d Cir. 1973) (Friendly, J.)), "a person detained prior to conviction receives protection against mistreatment at the hands of prison officials under the Due Process Clause of the Fifth Amendment if the pretrial detainee is held in federal custody." *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009). The Eighth Amendment's deliberate indifference test is the proper framework to apply to analyze claims of pretrial detainees. *See Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000). Plaintiff must demonstrate (1) that defendants denied him "treatment necessary to remedy a serious medical condition" and (2) that they "did so because of [their]

deliberate indifference to that need." *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996). The first element is objective: the alleged deprivation must objectively be "'sufficiently serious.'" *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The second element, deliberate indifference, is subjective: "the charged official must act with a sufficiently culpable state of mind." *Hathaway*, 37 F.3d at 66. Mere negligence is insufficient. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

### 3. Prison Litigation Reform Act Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires exhaustion of "such administrative remedies as are available." *See* 42 U.S.C. 1997e(a). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

The Court of Appeals for the Second Circuit has established "a three-part test," *Macias v. Zenk*, 495 F.3d 37, 41 (2d Cir. 2007), to be used in determining whether a prisoner-plaintiff has satisfied the PLRA's exhaustion requirement:

> Depending on the inmate's explanation for the alleged failure to exhaust, the court [1] must ask whether administrative remedies were in fact available to the prisoner. The court should also [2] inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether the defendants' own actions inhibiting the inmate's exhaustion may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense. If the court finds that administrative remedies were available to the plaintiff, and that the defendants are not stopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies, the court should [3] consider whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements.

*Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) (internal quotation marks and citation omitted).

7

To determine whether "special circumstances" exist justifying failure to comply with applicable procedures, the court considers the "circumstances which might understandably lead usually uncounselled prisoners to fail to grieve in the normally required way." *Giano v. Goord*, 380 F.3d 670, 678 (2d Cir. 2004). "Findings of special circumstances have been primarily established where plaintiffs acted pursuant to reasonable interpretations of the [prison's] regulations, thus preventing exhaustion." *Hill v. Tisch*, No. 02-CV-3901, at *6 (E.D.N.Y. Oct. 30, 2009); *see Chavis v. Goord*, 333 F. App'x 641, 643 (2d Cir. 2009) (summary order) (noting that the Court of Appeals has "found that special circumstances may exist where the prison grievance regulations are confusing and the prisoner relies upon a reasonable interpretation of those regulations."). The Court of Appeals for the Second Circuit has "questioned whether, in light of *Woodford*, the doctrines of estoppel and special circumstances survived," but it has not yet conclusively resolved that question. *Amador v. Andrews*, No. 08-2079-pr, 2011 WL 3629717, at *10 (2d Cir. Aug. 19, 2011).

### F. Relation-Back Rule

Federal Rule of Civil Procedure 15(c) "expressly provide[s] that an amendment changing the parties relates back to the date of the original pleading if certain conditions are satisfied." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1498, at 124 (3d ed. 2010).

Application of the relation-back rule is improper in a 42 U.S.C. § 1983 case where plaintiff substitutes named defendants for those unnamed, if the identities of the proposed new parties were unknown to plaintiff when he filed his complaint. *See Barrows v. Wethersfield Police Dept.*, 66 F.3d 466, 467-68 (2d Cir. 1995), *modified*, 74 F.3d 1366 (2d Cir. 1996). "[E]ven when a suit is brought by a *pro se* litigant, an amended complaint adding new

8

defendants cannot relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (internal quotation marks and bracketing omitted).

## IV. Application of Law to Facts

### A. Application of FTCA to State-Law Tort Claims

To the extent that plaintiff's complaint raises state-law tort claims against MDC and BOP, *see* Compl. ¶¶ 27-30, those claims are dismissed for lack of jurisdiction. *Rivera v. United States*, 928 F.2d 592, 608-09 (2d Cir. 1991); *see* 28 U.S.C. § 2679(a).

Mr. Santa contends that Dr. Williams acted at least negligently by failing to prescribe necessary medications. *See* Compl. ¶¶ 29, 33. Because the United States has appropriately certified that Dr. Williams was acting within the scope of her employment at the time of the incidents out of which plaintiff's claim arose, it is substituted for Dr. Williams as party-defendant with respect to state-law claims against her. *See* 28 U.S.C. § 2679(d)(1).

The FTCA's "limitations foreclose suit unless the tort claimant has previously presented to the appropriate administrative agency a claim that meets the specific statutory requirements as to its form, content, and timing." *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998). Plaintiff concedes that he did not exhaust available administrative remedies before proceeding in federal court. *See* Compl. ¶ 6; Nov. 2009 Letter at 1. He is illiterate and has intellectual deficits. *See* Declaration of Crista M. Colvin 22, 25 (Ex. 1) (opining that defendant is of low intelligence but was competent to stand trial). These deficiencies are not sufficient to provide equitable tolling. *See, e.g., Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004) (citing 28 U.S.C. § 2675(a)).

Jurisdiction is lacking to adjudicate plaintiff's state-law tort claims against the United States, because of plaintiff's failure to exhaust his administrative remedies. They are dismissed.

### B. Fifth Amendment *Bivens* Claims

Plaintiff's complaint appears to raise a *Bivens* deliberate indifference claim pursuant to the Due Process Clause of the Fifth Amendment of the United States Constitution. *See* Compl. ¶ 31 ("MDC staff . . . evinced deliberate indifference to, and a reckless disregard for, [plaintiff's] serious medical needs"). To the extent that the complaint can be interpreted to raise *Bivens* claims against the United States, MDC, or BOP, they are dismissed for lack of jurisdiction; *Bivens* actions do not lie against the United States or federal agencies. *See FDIC v. Meyer*, 410 U.S. 471, 484-85 (1994); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *Mack v. United States*, 814 F.2d 120, 122-23 (2d Cir. 1987).

The complaint raises Fifth Amendment *Bivens* claims against Dr. Williams. *See* Compl. ¶ 31. The *Bivens* action against Dr. Williams in her official capacity is dismissed for lack of jurisdiction. *Bivens* actions against federal officers in their official capacities are barred by the doctrine of sovereign immunity. *See Robinson*, 21 F.3d at 510 ("Because an action against . . . federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The *Bivens* claim against Dr. Williams in her individual capacity has been withdrawn. *See* May 2011 Letter at 2-3. The only remaining *Bivens* claims are those asserted against Jane Doe medical providers; those claims are dismissed for the reasons set forth in Part IV.C of this memorandum.

Because none of plaintiff's *Bivens* claims have merit; the motions to dismiss and for summary judgment are granted.

10

### C. Relation-Back Rule

Santa finally seeks to amend his original complaint to name Dr. Katherine Sundstrom as a Jane Doe defendant so that he may assert a *Bivens* claim against her. *See* May 2011 Letter at 3 n.1. Dr. Sundstrom, a psychiatrist, worked from approximately April 2003 to June 2007 at MDC and the Metropolitan Correctional Center in Manhattan; she conducted a psychiatric assessment of plaintiff in December 2005 and determined that he was not in need of antidepressant medication. *See* Declaration of Katherine Sundstrom, M.D. ¶¶ 2-3, 5, 17.

Allowing amendment would be futile. Plaintiff admitted in a hearing held on October 12, 2011 that his sole remaining contention is that Dr. Sundstrom erroneously failed to prescribe antidepressant medications. A review of the notes taken by Dr. Sundstrom after her examination and of her explanation of her decision on whether to prescribe medication makes it clear that her decision could not be found by any reasonable jury to be based upon anything but reasonable medical criteria. *See* Court Ex. 1-2, October 12, 2011 Hearing. Allowing an amendment so that plaintiff could assert a *Bivens* claim against Dr. Sundstrom would be useless.

Even assuming without deciding that plaintiff's attempted amendment complies with the other requirements of Rule 15(c)(1)(C), and that his claim against Dr. Sundstrom is not time-barred, the proposed amendment is rejected under *Barrows v. Wethersfield Police Dept.*, 66 F.3d 466, 467-68 (2d Cir. 1995), *modified*, 74 F.3d 1366 (2d Cir. 1996). Plaintiff failed to specify Dr. Sundstrom as a defendant because he did not know her identity. *See* Letter of Jeffrey G. Pittell 4, *Santa v. MDC*, No. 08-CV-3891 (E.D.N.Y. Oct. 5, 2011), CM/ECF No. 82. His proposed amendment therefore does not seek to correct a "mistake" as required by Rule 15(c)(1)(C)(ii). *See* Part III.F, *supra*.

Plaintiff has not sought to amend his complaint to include *Bivens* claims against any other anonymous defendants, but allowing him to do so would be improper.

## V. Conclusion

Plaintiff's state-law tort claims against all defendants are dismissed for lack of subject matter jurisdiction. Plaintiff's *Bivens* claims against the United States, MDC, BOP, and Dr. Williams in her official capacity are dismissed for the same reason; plaintiff's individual-capacity *Bivens* claim against Dr. Williams has been withdrawn. Plaintiff is barred by the relation-back rule from amending his complaint to add Dr. Sundstrom or any other defendants.

No amendment is permitted. The case is dismissed. The clerk shall enter judgment for defendants.

No costs or disbursements are granted.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date:  October 13, 2011
       Brooklyn, New York

12